*763 MEIERHENRY, Justice
(dissenting).
[¶ 35.] I cannot agree that the jury was properly instructed on assumption of the risk. In fact, whether the common law assumption of the risk doctrine completely survives in face of the legislative comparative negligence scheme is questionable. South Dakota tort liability law only refers to contributory negligence and contains no mention of assumption of the risk as a defense.[3] Some jurisdictions have determined that comparative negligence has subsumed assumption of the risk and is not a complete bar to recovery. See Braswell v. Econ. Supply Co., 281 So.2d 669 (Miss.1973); Springrose v. Willmore, 292 Minn. 23, 192 N.W.2d 826 (1971); City of Tucson v. Holliday, 3 Ariz.App. 10, 411 P.2d 183 (1966); 21 Am Jur Trials 715, § 11; Restatement (Third) Torts: Apportionment of Liab. § 2 cmt i (2000) (replacing Restatement (Second) Torts §§ 496C-496G (1965)).[4] However, plaintiff is not urging this argument; he merely claims that the facts did not support the trial court instructing the jury on assumption of the risk.
[¶ 36.] The court instructed the jury using South Dakota Pattern Jury Instructions 13-01 and 13-02. The instructions provided the following language:
If a person assumes the risk of injury or damage, the person is not entitled to any recovery. To support an assumption of the risk defense, the defendant must show:
(1) that the plaintiff had actual or constructive knowledge of the existence of the specific risk involved;
(2) that the plaintiff appreciated the risk’s character; and
(3) that the plaintiff voluntarily accepted the risk, having had the time, knowledge, and experience to make an intelligent choice.
SD Pattern Jury Instruction 13-01 (Revised 2002).
*764 While the same conduct on the part of the plaintiff may amount to both assumption of risk and contributory negligence, the two defenses are distinct. Assumption of the risk involves a voluntary or deliberate decision to encounter a known peril whereas contributory negligence frequently involves the inadvertent failure to notice danger. In addition, contributory negligence must be a legal cause of the injury in order to be a defense, while assumption of the risk need not cause the injury in order to bar recovery.
SD Pattern Jury Instruction 13-02 (Revised 2004). During deliberation, the jury sent out the following questions concerning assumption of the risk: “What is the definition of a known risk? Does this mean he knows he will get an injury? Or there is a risk for harm.” Without seeking input from counsel for either party, the judge answered the question, “A known risk is a risk you know about.”
[¶ 37.] I believe that the judge’s answer was inadequate and did not fully inform the jury on how to determine the risk assumed. Had the judge notified counsel in regard to the jury question, counsel may have been able to answer the jurors’ questions with more clarity. As the judge’s answer stands, it provides no further explanation as to how to define “known risk.”
[¶ 38.] The comments to South Dakota Pattern Jury Instruction 13-01 on assumption of risk point out the possible confusion when this instruction is given.
As the above instruction sets forth, defendant must prove three elements in order to prevail on the defense of assumption of risk.
As to the first prong of the defense, “constructive knowledge” is knowledge that is imputed to the plaintiff where the risk is so plainly observable that anyone of competent faculties could be charged with knowledge of the risk. Also, plaintiff must have had knowledge of the speciñc risk which ultimately injured the plaintiff; it is insufficient to prove the fírst prong of the defense to merely show that plaintiff put himself in a generalized zone of danger.
As to the second prong of the defense, an individual is held to have appreciated the risk’s character if it was a risk that no adult person of average intelligence can deny.

Regarding the third prong of defendant’s burden, a plaintiff does not voluntarily accept a risk where the defendant’s wrongful conduct has left plaintiff no reasonable alternative course of conduct to (a) avert harm to plaintiff or another, or (b) exercise or protect a right or privilege of which the defendant has no right to deprive the plaintiff.

The defenses of assumption of risk and of contributory negligence have often times been confused. Quoting Prosser, the South Dakota court in Bartlett v. Gregg, 77 S.D. 406, 413, 92 N.W.2d 654 (1958) said: “In working out the distinction, the courts have arrived at the conclusion that assumption of risk is a matter of some fault or departure from the standard of reasonable conduct, however unwilling or protesting the plaintiff may be.... The difference is frequently one between risks which were in fact known to the plaintiff, or so obvious that [the plaintiff] must be taken to have known of them, and risks which [the plaintiff] merely might have discovered by the exercise of ordinary care.”
SD Pattern Jury Instruction 13-01 cmt (emphasis added).
[¶ 39.] Additionally as pointed out by Chief Justice Gilbertson in Ray v. Downes, *765 the consent element of assumption of the risk is confusing. 1998 SD 40 ¶ 18, 576 N.W.2d 896, 899. “In the words of Pros-ser, ‘This is a distinction which has baffled a great many law students, some judges, and unhappily a few very learned legal writers.’ ” Id. (quoting W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 68, at 485 (5th ed 1984)).
It is here that there is the greatest misapprehension and confusion as to assumption of risk, and its most frequent misapplication. It is not true that in any case where the plaintiff voluntarily encounters a known danger he necessarily consents to any future negligence of the defendant. A pedestrian who walks across the street in the middle of a block, through a stream of traffic traveling at excessive speed, cannot by any stretch of the imagination be found to consent that the drivers shall not use care to watch for him and avoid running him down. On the contrary, he is insisting that they shall. This is contributory negligence pure and simple; it is not assumption of the risk.
Id. Given the confusion of applying assumption of the risk, the jury here needed more guidance. Further instruction similar to the comments to the pattern jury instruction would have helped. For example, “plaintiff must have had knowledge of the specific risk which ultimately injured the plaintiff; it is insufficient to prove the first prong of the defense to merely show that plaintiff put himself in a generalized zone of danger.” SD Pattern Jury Instructions 13-01 cmt.
[¶40.] Also, as to the third element, that “a plaintiff does not voluntarily accept a risk where the defendant’s wrongful conduct has left plaintiff no reasonable alternative course of conduct to (a) avert harm to plaintiff or another, or (b) exercise or protect a right or privilege of which the defendant has no right to deprive the plaintiff.” Id. This also corresponds to section 496E of the Restatement (Second) of Torts. This section provides that:
(1) A plaintiff does not assume a risk of harm unless he voluntarily accepts the risk. (2) The plaintiffs acceptance of a risk is not voluntary if the defendant’s tortious conduct has left him no reasonable alternative course of conduct in order to (a) avert harm to himself or another, or (b) exercise or protect a right or privilege of which the defendant has no right to deprive him.
Restatement (Second) Torts § 496E (1965) (emphasis added). “[Wjhere the defendant is under a duty to the plaintiff, and his breach of duty compels the plaintiff to encounter the particular risk in order to avert other harm to himself, his acceptance of the risk is not voluntary, and he is not barred from recovery.” Id. cmt c. This same rule applies when the plaintiff acts to prevent harm to another. Id. The facts supported further instruction on the “alternative course of conduct.”
[¶ 41.] I would reverse both because the assumption of risk instructions were incomplete and tended to confuse and mislead the jury and because the plaintiff was prejudiced when the judge did not notify counsel of the jury’s question in order to give him the opportunity to offer further instructions in response to the jury question.

. SDCL 20-9-1 provides: "Every person is responsible for injury to the person, property, or rights of another caused by his willful acts or caused by his want of ordinary care or skill, subject in the latter cases to the defense of contributory negligence.” SDCL 20-9-2 provides:
In all actions brought to recover damages for injuries to a person or to that person's property caused by the negligence of another, the fact that the plaintiff may have been guilty of contributory negligence does not bar a recovery when the contributory negligence of the plaintiff was slight in comparison with the negligence of the defendant, but in such case, the damages shall be reduced in proportion to the amount of plaintiff's contributory negligence.

Id.

. While South Dakota still relies on the Restatement (Second) of Torts, the Restatement (Third) distinguishes implied assumption of the risk. Restatement (Third) Torts: Apportionment of Liab. § 2 cmt i provides as follows:
x. Implied assumption of risk distinguished. This Section does not apply when a plaintiff's conduct demonstrates merely that the plaintiff was aware of a risk and voluntarily confronted it. That type of conduct, which is usually called “implied assumption of risk,” does not otherwise constitute a defense unless it constitutes consent to an intentional tort. See Comment f. Thus, the rule stated in this Section rejects and replaces Restatement Second, Torts §§ 496C-496G. A plaintiff's conduct in the face of a known risk, however, might constitute plaintiff's negligence and therefore result in a percentage reduction of the plaintiff’s recovery. See § 3, Comment c. (In jurisdictions that continue to recognize implied assumption of risk as a comparative defense, or that continue to use the term “implied assumption of risk” to refer to a type of plaintiff's negligence, the defense results in a percentage reduction of the plaintiff's recovery. In contrast, a valid contractual limitation on liability, within its terms, creates an absolute bar to a plaintiff's recovery from the other party to the contract.)

Id.